ORIGINAL

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

2003 APR 17 P 3: 52

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____ DEPUTY

1 KENNETH CALDWELL
  Nevada Bar No. 3692
2 RACHEL LEWIS
  Nevada Bar No. 7719
3 SKINNER, WATSON & ROUNDS
  333 North Rancho Drive, Suite 800
4 Las Vegas, NV 89106
  (775) 646-4902
5

6 TODD A. NOAH (SBN 152328)
  DERGOSITS & NOAH LLP
7 Four Embarcadero Center, Suite 1450
  San Francisco, CA 94111
8 (415) 705-6377

9 Attorneys for Plaintiff
  CALIFORNIA COSMETICS, INC.
10

11                    UNITED STATES DISTRICT COURT

12                           DISTRICT              CV-S-03-0410-PMP-PAL

13
   CALIFORNIA COSMETICS, INC., a      )
14 California Corporation,            )
                                      )
15           Plaintiff,               )
                                      )   **COMPLAINT FOR TRADEMARK**
16     vs.                            )   **INFRINGEMENT, TRADEMARK**
                                      )   **DILUTION, UNFAIR COMPETITION,**
17 GERITREX CORPORATION, a New        )   **AND DECLARATORY AND INJUNCTIVE**
   York corporation,                  )   **RELIEF**
18                                    )
             Defendant.               )   **(JURY TRIAL DEMANDED)**
19                                    )
                                      )
20

        Plaintiff California Cosmetics, Inc. ("CCI") complains against defendant Geritrex
21
   Corporation ("Geritrex") as follows:
22
        1.      This is an action against Geritrex for infringement, misappropriation, and
23
   dilution of CCI's well-established, federally registered SILKSKIN® trademark used in
24
   connection with a line of skin care products designed, among other things, to heal damaged
25
   skin and dramatically improve its appearance. Geritrex's unauthorized use of the identical
26
   trademark "SILKSKIN" to promote its competitive products over the Internet and in more
27
   conventional media is likely to cause confusion as to the source or origin of such goods in
28

violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. In addition, Geritrex's unauthorized use of the identical trademark SILKSKIN is likely to dilute and weaken the distinctive significance of CCI's famous SILKSKIN mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

## PARTIES

2. CCI is a corporation organized and existing under the laws of the State of California with its principal place of business located in Las Vegas, Nevada. CCI is a leading producer and distributor of a wide variety of skin care products. CCI's SILKSKIN® products are designed, among other things, to heal damaged skin and to dramatically improve its appearance.

3. CCI is informed and believes and thereon alleges that Geritrex is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of New York, with its principal place of business located in Mt. Vernon, NY. CCI is further informed and believes and thereon alleges that Geritrex also conducts business in interstate commerce in numerous states across the United States, including in this judicial district.

## JURISDICTION

4. This Court has jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1338(a) (any act of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting a state claim of unfair competition joined with a substantial and related federal claim under the trademark laws); 28 U.S.C. § 1367 (supplemental jurisdiction); and the doctrines of ancillary and pendent jurisdiction.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. §1391, because, on information and belief, Geritrex does business in the District of Nevada and a substantial part of the events giving rise to the claim occurred in this district.

///
///

## GENERAL ALLEGATIONS

6. Since February 1986, CCI has continuously used in interstate commerce the SILKSKIN® mark in connection with the production, distribution, promotion, marketing and sale of its skin care products. CCI produces, distributes, promotes, markets and sells its SILKSKIN® products throughout the United States, including Nevada.

7. On June 25, 1991, the SILKSKIN mark was entered on the Principal Trademark Register as Federal Trademark Registration No. 1,648,614, a class-three registration for skin care cosmetics. (A true and correct copy of this registration is attached hereto as Exhibit A.) For 17 years, CCI has expended substantial time, effort and money in the promotion and advertisement of its skin care products under its SILKSKIN® trademark, including advertisements, articles and news releases in local, national and international magazines and newspapers. As a result of CCI's widespread and continuous use and promotion, its SILKSKIN® mark has become famous as identifying CCI as the exclusive source of high quality skin care products and in distinguishing such goods from those of others.

8. By reason of the continued use, promotion, marketing and sales activities by CCI, CCI's premium SILKSKIN® skin care products have achieved broad national recognition. CCI currently offers its products through direct mail catalogs and via the Internet. CCI's SILKSKIN® skin care products are sold and shipped throughout the United States, including Nevada.

9. CCI is informed and believes, and on that basis alleges, that Geritrex is producing, distributing, promoting and selling their bath oil products under the trademark SILKSKIN in traditional media and over the Internet, which is identical to CCI's registered SILKSKIN® mark. Further, CCI is informed and believes, and on that basis alleges, that Geritrex is producing, distributing, promoting and selling skin care products that are closely related to, if not competitive with, CCI's skin care products.

/ /

- 3 -

10. By letter dated November 27, 2002, CCI advised Geritrex of CCI's ownership of its SILKSKIN® federally registered trademark and demanded that Geritrex discontinue its use of the SILKSKIN designation on, or in connection, with Geritrex's products. A true copy of that correspondence is appended as Exhibit B. Geritrex has refused to comply with CCI's request.

11. CCI has not consented to Geritrex's use of the SILKSKIN term as a trademark or as a trade name. Moreover, CCI has not sponsored, endorsed or approved the goods offered by Geritrex.

12. Geritrex's SILKSKIN designation is identical to CCI's SILKSKIN® trademark. Geritrex's acts of improper use and promotion of the SILKSKIN mark on its confusingly similar product are likely to cause confusion or mistake in the minds of the public as to sponsorship, endorsement, association, or approval of Geritrex's product by CCI.

13. Geritrex's skin care product sold under the SILKSKIN mark and any skin care products sold by CCI under the SILKSKIN® designation would reasonably be thought by the buying public or investors to come from or through the same source, or to be affiliated with, connected with or sponsored by CCI. Likelihood of confusion is, and will only be exacerbated by the fact that CCI's products and services are related to, if not directly competitive with, Geritrex's products. Both CCI's and Geritrex's products are sold through, among other places, over the Internet. In sum, CCI's and Geritrex's products are likely to be purchased by the same, or similar types of consumers, advertised and promoted in the same or similar advertising channels and marketed and sold in the same or similar manner.

14. CCI is informed and believes, and on that basis alleges, that the foregoing actions of Geritrex has been knowing, deliberate, willful, and in utter disregard of CCI's rights.

15. As a direct and proximate result of Geritrex's conduct set forth above, CCI has been injured and damaged in an amount to be proven.

/ / /

- 4 -

16. Geritrex's unlawful activity results in irreparable harm and injury to CCI. Among other harms, it deprives CCI of its absolute right to determine the manner in which its image is presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon, and cashes in on, CCI's reputation and exclusive rights in its trademark; dilutes the distinctive and famous qualities of CCI's trademark; and irreparably harms and injures CCI's business reputation. As a direct and proximate result of Geritrex's conduct set forth above, Plaintiff has been injured and damaged in an amount to be proven.

17. Geritrex's conduct is continuing, and will continue, unless enjoined by the Court.

18. Unless Geritrex is enjoined from engaging in the infringing conduct described above, CCI will suffer irreparable injury and further damage. Thus, it would be difficult to ascertain the amount of compensation which could afford CCI adequate relief for the acts of Geritrex, present and threatened, and CCI's remedy at law is not adequate to compensate for that harm and damage.

### FIRST CLAIM FOR RELIEF

(Trademark Infringement – Federal Law)

19. CCI repeats and realleges each and every allegation of Paragraphs 1-19 hereof as though fully set forth herein.

20. The above acts by Geritrex constitutes infringement of CCI's federally registered trademark. By reason of the foregoing, Geritrex has violated and will continue to violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unless enjoined by the Court.

### SECOND CLAIM FOR RELIEF

(False Designation of Origin – Federal Law)

21. CCI repeats and realleges each and every allegation in Paragraphs 1-20 hereof as though fully set forth herein.

22. The above acts by Geritrex constitute a false designation of origin,

description, or representation. By reason of the foregoing, Geritrex has violated, and will continue to violate, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

### THIRD CLAIM FOR RELIEF

(Trademark Dilution – Federal Law)

23. CCI repeats and realleges each and every allegation in Paragraphs 1-22 hereof as though fully set forth herein.

24. The above acts by Geritrex are likely to dilute the distinctive and famous quality of CCI's SILKSKIN® trademark. By reason of the foregoing, Geritrex has violated, and will continue to violate, Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), unless enjoined by the Court.

### FOURTH CLAIM FOR RELIEF

(Trademark Infringement - Common Law)

25. CCI repeats and realleges each and every allegation of Paragraphs 1-24 hereof as fully set forth herein.

26. CCI has acquired common law trademark rights in the SILKSKIN mark through its continuous use in commerce.

27. Defendant's use of a mark identical or confusingly similar to CCI's trademark infringes CCI's common law rights in the SILKSKIN trademark and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's product is associated with or sponsored by CCI.

28. As a direct and proximate result of Defendant's infringement of CCI's common law trademark rights, CCI has suffered and will continue to suffer injury and damages for which it is entitled to injunctive and monetary relief.

/ /

/ /

/ /

## PRAYER FOR RELIEF

WHEREFORE, CCI prays the Court for the following relief:

1. That the Court issue a temporary restraining order and preliminary injunction, pending trial of this action as follows:

    a. Enjoining Geritrex, its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with Geritrex, jointly and severally, from using the term SILKSKIN, or any term confusingly similar to this term, as a trade name or trademark and from disseminating over the Internet, or otherwise, any products, promotional materials, advertising, business cards, stationary or other materials containing or incorporating the term SILKSKIN or any other confusingly similar term; and

    b. Ordering all products of Geritrex bearing the term SILKSKIN, be recalled and be destroyed.

2. That following trial of this action, the Court enter final judgment as follows:

    a. That it declare that CCI is the lawful owner of the SILKSKIN® trademark and that mark has been infringed by Geritrex's use of the term SILKSKIN as its trademark on its products and in promotional or other materials;

    b. That it permanently enjoin Geritrex, its officers, directors, principals, agents, servants, employees, successors, and assigns, jointly and severally from using the term SILKSKIN, or any other confusingly similar term, and from disseminating any products promotional or other materials containing those terms or any other confusingly similar terms;

    c. That it order that all labels, signs, prints, packages, wrappers, brochures, promotional materials, press releases and advertisements in the possession of Geritrex bearing the term SILKSKIN, or any copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered and destroyed;

    d. That it order that all products of Geritrex bearing the term SILKSKIN, be recalled and be destroyed;

|    |          |                                                                              |
|----|----------|------------------------------------------------------------------------------|
| 1  | e.       | That it award damages to CCI pursuant to 15 U.S.C. § 1117;                   |
| 2  | f.       | That it declare Geritrex's infringement of CCI's trademark was knowing and willful; |
| 4  | g.       | That it award CCI treble and punitive damages as permitted by statute;       |
| 5  | h.       | That it assess the costs of this action and CCI's attorneys' fees against Geritrex; and |
| 7  | i.       | That it award CCI such other and further relief as the Court deems just and proper. |

DATED this 17th day of April, 2003.

SKINNER, WATSON & ROUNDS

By: /s/ Rachel Lewis
KENNETH N. CALDWELL
RACHEL LEWIS
Attorneys for Plaintiff
CALIFORNIA COSMETICS, INC.